UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

DESIREE MCSHANE, individually,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC,
a foreign limited liability company,

    Defendant.



8:12 cv 1273 27 TGW

_____/

## COMPLAINT FOR VIOLATIONS OF THE TCPA
## JURY DEMAND

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 as well as 47 U.S.C § 227, *et seq.* Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, DESIREE MCSHANE, is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

TPA - 11614
$350

4. Defendant, CAPITAL ONE SERVICES, LLC, is a foreign limited liability company with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of credit card debts.

6. Defendant regularly attempts to collect consumer credit card debts.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect an alleged credit card debt by placing hundreds of calls to Plaintiff's cellular telephone over the last four years.

8. Based upon information and belief, the alleged debt at issue was owed by someone else.

9. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place said calls.

10. Defendant states on its website that it seeks employees who are familiar working with an "Avaya [Predictive] Dialer PC 4.2 and 5."

Source: http://capitalone.jobs2web.com/job/Richmond-IT-Sr_-Manager%2C-Voice-Engineer-%28EDCNS%29-Job-VA-23173/1475874/ (last accessed May 27, 2012).

11. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

12. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

13. In the alternative, if Defendant did ever have consent to call Plaintiff, it was either revoked and/or rescinded by operation of law.

14. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

15. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff incorporates Paragraphs 1 through 16.

17. Defendant placed telephone calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

19. The calls were made without the prior express consent of the Plaintiff.

20. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for:

    (a) Statutory damages at $500 dollars per call;

    (b) Willful damages at $1500 dollars per call;

    (c) An injunction requiring Defendant to cease all communications with Plaintiff in violation of the TCPA;

    (d) Reasonable costs; and

    (e) Such further relief as this Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 29th day of May, 2012.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com

By: /s/Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651